**SO ORDERED.**

**SIGNED this 30 day of August, 2013.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
NEW BERN DIVISION

IN RE:

| | |
|---|---|
| **UHF DEVELOPMENT, LLC,** | **CHAPTER 11** |
| | **CASE NUMBER: 12-03009-8-RDD** |
| **DEBTOR** | |

| | |
|---|---|
| **LVW INVESTMENTS, LLC,** | **ADVERSARY PROCEEDING** |
| | **NUMBER: 13-00001-8-RDD** |
| **Plaintiff** | |
| v. | |
| **BEAUFORT THE WYE, LLC AND UHF DEVELOPMENT, LLC,** | |
| **Defendants** | |

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

Pending before the Court is the Motion for Summary Judgment and Incorporated Memorandum of Law filed by Beaufort the Wye, LLC ("Beaufort the Wye") on April 2, 2013 (the "Motion for Summary Judgment") and the Response to Motion for Summary Judgment filed by LVW Investments, LLC (the "Plaintiff") on April 22, 2013 along with the Brief in Opposition to Motion for Summary Judgment filed by the Plaintiff on July 3, 2013 (the "Response"). The Court conducted a hearing on

July 9, 2013 in Wilson, North Carolina to consider the Motion for Summary Judgment and the Response.

## JURISDICTION

Subject matter jurisdiction and jurisdiction over the parties exists pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference of the United States District Court for the Eastern District of North Carolina dated August 3, 1984.

This matter is a core proceeding as set forth in Section 157(b)(2) of Title 28 of the United States Code.

## STANDARD FOR SUMMARY JUDGMENT

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). If there is no genuine issue of material fact, and the issue to be decided is a matter of law, a ruling on a motion for summary judgment is appropriate. However, if there are genuine issues of material fact, then summary judgment is not appropriate.

## FACTUAL HISTORY

The Plaintiff filed the complaint in this adversary proceeding on January 7, 2013, seeking equitable subordination of the claim of Beaufort the Wye to the claims of all other creditors in UHF Development, LLC's bankruptcy case. Hubert G. Tolson, III, ("Mr. Tolson") is the manager of Beaufort the Wye. Mr. Tolson is also the managing member and majority owner of the Debtor. The

2

Debtor owns certain real estate consisting of lots in a subdivision known as The Wye in Carteret County, North Carolina. The Debtor's Schedule A identifies seventeen lots in the The Wye subdivision with a value of $1,445,000.00.

On July 29, 2004, UHF Development Group, LLC ("UHF Development Group"), a different entity from the Debtor, acquired the real property that eventually became The Wye subdivision from the North Carolina State Ports Authority for the amount of $555,148.10. On that same day, UHF Development Group conveyed the real property to Beaufort the Wye. On July 29, 2005, Beaufort the Wye executed a future advance deed of trust in favor of Cooperative Bank (succeeded by First Bank) in the maximum amount of $1,263,000.00. On October 27, 2006, the Debtor assumed all obligations owed to Cooperative Bank (succeeded by First Bank) under the loan documents executed by Beaufort the Wye. On October 27, 2006, the Debtor executed a purchase money promissory note to Beaufort the Wye in the amount of $1,652,090.20. On May 1, 2007, the Deed from Beaufort the Wye to the Debtor was recorded along with the purchase money deed of trust in favor of Beaufort the Wye.

On May 30, 2007, the Plaintiff purchased Lot 8, Riverstation from the Debtor. The Debtor failed to provide certain amenities benefitting the lot purchased by the Plaintiff. Based on this failure, the Plaintiff filed a civil action against the Debtor in the Craven County Superior Court. On December 16, 2011, the Craven County Superior Court entered judgment in favor of the Plaintiff against the Debtor.

The Debtor filed a petition for relief under Chapter 11 of the Bankruptcy Code on April 19, 2012. The Debtor's Schedule F lists the Plaintiff as having an unsecured claim in the amount of $606,137.31. The Plaintiff filed Claim No. 6-1 ("POC 6") in the amount of $631,889.50 based on a judgment lien. POC 6 lists the claim as secured by all real estate. The Debtor's Schedule D shows

Beaufort the Wye holds a secured claim in the amount of $1,618,935.20 and First Bank holds a secured claim in the amount of $917,108.83 both secured by the seventeen lots in the Wye subdivision.

On January 7, 2013, the Plaintiff filed the complaint requesting that the Court subordinate the claim of Beaufort the Wye to the claims of all other creditors. The Plaintiff notes that the Debtor's Chapter 11 Plan of Reorganization is a liquidating plan and the only creditor, other than first mortgage holders, who will receive any monies from the liquidation is Beaufort the Wye. The petition lists secured claims against the seventeen lots of approximately $2,536,044.03, total priority claims of approximately $27,000.00, and total unsecured claims of approximately f $711,842.76. The Plaintiff contends that other than its claim, the balance of the unsecured claims are owed to various entities owned or controlled by Mr. Tolson, the manger of the Debtor. Accordingly, the Plaintiff contends, it holds a substantial judgment against the Debtor, but there are no assets available for the judgment to attach. After payment of proceeds to mortgage holders, the excess proceeds will be paid to Beaufort the Wye, who the Plaintiff contends is an insider company. The Plaintiff contends that the Debtor and its principal Mr. Tolson, engaged in a scheme to create entities that are effectively judgment proof. Based on this, the Plaintiff contends that the claim of Beaufort the Wye should be equitably subordinated to the claims of all other creditors pursuant to 11 U.S.C. § 510(c).

Pursuant to its Motion for Summary Judgment, Beaufort the Wye contends there is no genuine issue as to any material fact and as a matter of law summary judgment should be granted in favor of the defendants.

## DISCUSSION

11 U.S.C. § 510 (c) provides:

Notwithstanding subsections (a) and (b) of this section, after notice and a hearing, the court may –

4

>   (1) under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest; or
>   (2) order that any lien securing such a subordinated claim be transferred to the estate.

11 U.S.C. § 510 (c).

Equitable subordination is a remedial, not a penal, measure that is to be used sparingly. 4-510 Collier on Bankruptcy ¶ 510.05[2] (16th ed.)(citing *In re U.S. Abatement Corp*., 39 F.3d 556, 561 (5th Cir. 1993); *In re Fabricators, Inc.*, 926 F.2d 1458 (5th Cir. 1991); *In re Jack Kline Co.*, *Inc.*, 440 B.R. 712 (Bankr. S.D. Tex. 2010)). The goal of equitable subordination "is to undo or to offset any inequity in the claim position of a creditor that will produce injustice or unfairness to other creditors in terms of bankruptcy results." *In re FCX, Inc.*, 60 B.R. 405, 410 (1986). The proponent of subordination bears the burden of proof. 4-510 Collier on Bankruptcy ¶ 510.05[3][d] (16th ed.)(citation omitted). When determining whether to equitably subordinate a claim, courts ask:

>   (1) whether the claimant engaged in fraudulent conduct,
>   (2) whether the conduct resulted in injury to creditors, and
>   (3) whether subordination would be consistent with other bankruptcy law.

*In re ASI Reactivation*, *Inc.*, 934 F.2d 1315, 1321 (4th Cir. 1991) (citations omitted).

Pursuant to its Motion for Summary Judgment, Beaufort the Wye contends that the Plaintiff cannot pursue an action for equitable subordination because at the time of the subject sale and conveyance on May 1, 2007, the Plaintiff was not a creditor of either Beaufort the Wye or the Debtor. Further, the Plaintiff has never had a business or other relationship with Beaufort the Wye, and has never been a creditor of Beaufort the Wye. Beaufort the Wye contends the sale of the real property was a purchase money sale from it to the Debtor and was intended to represent fair market value. Based on this, Beaufort the Wye contends there is no evidence that the execution of the secured note by the Debtor was fraudulent to the Plaintiff, because at that time of the sale and conveyance on May 1, 2007, the Plaintiff was in no way related to Beaufort the Wye or the Debtor.

In response, the Plaintiff contends that the method of how the Debtor acquired the real property, and incurred debt demonstrates inequitable conduct. Specifically, the Plaintiff notes there was no consideration for the transfer of the real property from UHF Development Group to Beaufort the Wye in July of 2004. The Plaintiff points to deposition testimony of Mr. Tolson which indicates that from the time Beaufort the Wye owned the subject property no construction of infrastructure or other improvements were incorporated into the real property. On December 16, 2011, judgment was entered in favor of the Plaintiff against the Debtor.

Here, the claimant is Beaufort the Wye. Beaufort the Wye holds a claim in the approximate amount of $1,618,935.20. At the time of the sale in question Beaufort the Wye did not owe any money to any third party. The Plaintiff has never had a business or other relationship with Beaufort the Wye, and has never been a creditor of Beaufort the Wye. Based on this, the Court finds that Beaufort the Wye was not engaging in fraudulent conduct at the time of the sale, as Beaufort the Wye did not owe any money to third parties and did not have a purpose to injure the Plaintiff at the time of the sale, as the Plaintiff did not become a creditor until December, 2011 when it obtained its judgment. All of the above conveyances were on the public record at the time the Plaintiff purchased its lot from the Debtor. The Plaintiff had constructive knowledge of the sale and conveyance at the time it purchased its lot from the Debtor. Based on this chronology, there is no genuine issue of material fact which would justify the claim of Beaufort the Wye being equitably subordinated to all other claims.

Therefore, the Motion for Summary Judgment is **GRANTED**. The adversary proceeding

is **DISMISSED** with prejudice. The Clerk of Court is ordered to close this case.

**SO ORDERED.**

**END OF DOCUMENT**